**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

16-5602

Marilyn L Hamilton
1752 Margaret Street
Philadelphia, Pa, 19124

*(In the space above enter the full name(s) of the plaintiff(s).)*

**- against -**

City School of Philadelphia
Deputy Cheif Rachel Holzman
Superintendent William R. Hite
Rhina Miller 2nd grd teacher
Carl W. Holmes Jr. Cheif of school Safety
Pauline Cooperson office staff/Dean of students
Sherri Arabia Principal
Bryan Gilson Asst Principal
Nancy Dunlin RN school Nurse
Mrs. Colston Dean of Students
Webster Elementary School

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**

Jury Trial: ☐ Yes ☐ No

(check one)

**I. Parties in this complaint:**

A. List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

| | | |
|---|---|---|
| Plaintiff | Name | Marilyn L Hamilton |
| | Street Address | 1752 Margaret St |
| | County, City | Philadelphia |
| | State & Zip Code | Pennsylvania 19124 |
| | Telephone Number | 215-437-0314 VP<br>215-743-1012 L.L |

*Rev. 10/2009*

B. List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name City School District of Philadelphia
Street Address 440 N Broad St
County, City philadelphia
State & Zip Code pa 19130

Defendant No. 2
Name Deputy Chief Rachel Holzman
Street Address 440 N Broad Street
County, City philadelphia
State & Zip Code pa, 19130

Defendant No. 3
Name Carl W. Holmes JR Cheif of School Safety
Street Address 440 N Broad St
County, City philadelphia
State & Zip Code pa 19130

Defendant No. 4
Name Rhona Miller 2nd grd teacher
Street Address 3400 Frankford Avenue
County, City philadelphia
State & Zip Code pa 19134

## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*
Q Federal Questions     Q Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? Discrimination + Civil Rights Violation, Retaliation

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship Marilyn L Hamilton (Black)

Defendant(s) state(s) of citizenship Nancy Dunlon RN (White

**III. Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? At Educational Setting 3400 Frankford Avenue phil, pa 19134 webster Elementary.

B. What date and approximate time did the events giving rise to your claim(s) occur? 2/9/16 — ongoing

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

C. Facts: Rhonda, Miller Teacher wrote a pass hall notify making comments about me parent. Nancy Dunlan RN. violated my civil Rights including Discriminating me + violating my parental rights, because I was hearing impaired. upon bringing the information to the attention of school Dean of Students Mrs Colston Light Skinned lady with glasses who I have been given different dutys for hers stated I cannot file a complaint. Many attempts to file a complaint and falsefying they were setting up a meeting with principal were ignored prolonged never happened. Nurse treated me like dirt upfront for no reason brush off. Many attempts to get appt with Rachel Holzman until she declined any Appts with me avoided. Carl w Holmes did nothing re school safety as I have reported complained write fax to the School Board. I Also never got any support from Superintendent re these constant violations nothing was done except violence, retailiation, Slander, mentally abuse myself + child at [illegible]

**IV. Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Counseling need of Counseling + therapy for self + child.
mental anguish
lost of sleep, hurt, fear
Bullied Constantly
mentally abused, Improperly slandering,
labelling improperly, false complaints.
Son sustained bruises by Mrs. Cape,
principal Assistant Bryon Golden + Gym teacher
Child thought he was gonna die, both parent
and child have death brushes, too much
fear.

**V. Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.
I am seeking that the board
Be fined for violations

principal, security Guard, Social worker,
Assistant principal, Dean of students,
All be arrested for violations breaking
the law false detainment of Son.

11.3 Million for damages done
to my Self and Son.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of November, 2016

Signature of Plaintiff Marilyn Hamilton
Mailing Address 1753 Margaret St
Philadelphia Pa, 19124

Telephone Number 215 437 0314
Fax Number *(if you have one)* 215 743 1012
E-mail Address Ladies place 19124@yahoo.com

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of ____________________, 20_____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: ______________________________

Inmate Number ______________________________

B. List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name Philadelphia City School District William R. Hite
Street Address 440 N. Broad Street
County, City Philadelphia
State & Zip Code philadelphia Pa 19130

Defendant No. 2
Name Sherri Arabia Principal
Street Address 3400 Frankford Avenue
County, City philadelphia
State & Zip Code Pa 19134

Defendant No. 3
Name Brooke Goldson Asst Principal
Street Address 3400 Frankford Avenue
County, City Philadelphia
State & Zip Code pa 19134

Defendant No. 4
Name Nancy Dunlap RN
Street Address 3400 Frankford Avenue
County, City Philadelphia
State & Zip Code pa 19134

**II. Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*
Q Federal Questions Q Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? Discrimination + Civil Rights Violations. Retailiation

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship Marilyn L Hamilton (Black)

Defendant(s) state(s) of citizenship Nancy Donlon RN (white)

**III. Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? Events took place in the education setting at 3400 Frankford Ave Philadelphia, pa 19134. Webster Elementary.

B. What date and approximate time did the events giving rise to your claim(s) occur? 2/9/16 on going. morning around 9:00 Am

What happened to you?

Nurse ~~Dr Taylor~~ Nancy Dolan

Who did what?

Was anyone else involved?

Who else saw what happened?

C. Facts: In February we moved to a new address I was registering my son for school who became sick! Emergency ~~this~~ Dr gave him a Medication for as needed basis. I took medication to school and asked for it to be distributed to child at 12 or as needed was asked to get forms filled out from a very brush off nurse with mean attitude. On same day as I took form to Dr. they told me they will not fill form out immediately its first come first serve that they had a lot of people before me. Nurse Dolan violated my rights and walked all over me to get HIPPA violated because I am a hearing Impaired mother she was taking my rights away.

Bryon Goldson & Sherri Arabia did not give me the right to have a Sign Interpreter at any meeting. Constantly violated my rights for Sign interpreter. Pointed in my face with my son thier tried to assault me, twice but I got away from (Sherri Arabia) My child was given a hall pass in which he had to carry negative statements about me his mother. They were talking about my disability on my sons hall pass. Destroyed my car in Retailaation, Called cps on me for no reason, beat my son Bryn Goldson [illegible] other violations Calls Suspension for

false complaints to Mrs. [illegible] my School,
Assaulting me because I was taking a vedio
accidently and banging in my shoulder (School social worker
telling me to set in room.
Many other violations I will show proof. Such as
holding my child in a room preventing me from getting
child saying [illegible] to room, I'm not getting
him hes under School administration (Sherri [illegible]
falsely imprisonating my son — Principal
using cousin 2 other people

**IV. Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and ~~received~~. Counseling / Therapy —
Mental anguish
lost of sleep
hurt
need of Counseling for self / Son
mentally abused self / child
pain in [illegible]
Son had bruises on his arm done
by mrs. cooper
was very scared for his life as he thought
he was gonna die
death [illegible] / bruises fear to much.

**V. Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

I am seeking for Board to be
fired
principal and other violaters to be
jailed that is breaking the law
3.7 million for damages done
to my self & child.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 26 day of October, 2016.

Signature of Plaintiff Marilyn Hamilton

Mailing Address 1752 Margaret St
Philadelphia PA 19124

Telephone Number 215 437 0314

Fax Number *(if you have one)* 215 743-1612 notified 7-31

E-mail Address Ladysplace19124@yahoo.Com

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of ____________________, 20_____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: ______________________________

Inmate Number ______________________________

UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS

THE WANAMAKER BUILDING, SUITE 515
100 PENN SQUARE EAST
PHILADELPHIA, PA 19107-3323

REGION III
DELAWARE
KENTUCKY
MARYLAND
PENNSYLVANIA
WEST VIRGINIA

September 27, 2016

Via email only to ladysplace19124@yahoo.com

Ms. Marilyn Lady Hamilton
2086 Albright Street
Philadelphia, PA 19134

Re: OCR Complaint No. 03161185

Dear Ms. Hamilton:

The Office for Civil Rights (OCR), U.S. Department of Education (the Department) has completed its investigation of the above-referenced complaint that you filed against the School District of Philadelphia (the District). You alleged discrimination on the bases of disability and race. Specifically, you alleged that:

1. The District discriminated against you when the school nurse at John H. Webster Elementary School (the School) did not effectively communicate with you due to your hearing impairment prior to contacting your son's physician on February 9, 2016;
2. The District failed to provide an interpreter during a meeting with the principal; and,
3. The District retaliated against you by suspending your son (the Student) on May 24, 2016.

OCR enforces:

- Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. § 794, and its implementing regulation, 34 C.F.R. Part 104. Section 504 prohibits discrimination on the basis of disability by recipients of Federal financial assistance. Section 504 also prohibits retaliation.

- Title II of the Americans with Disabilities Act of 1990 (Title II), 42 U.S.C. § 12131, and its implementing regulation, 28 C.F.R. Part 35. Title II prohibits discrimination on the basis of disability by public entities. Title II also prohibits retaliation.

- Title VI of the Civil Rights Act of 1964 (Title VI) and its implementing regulation at 34 C.F.R. Part 100, which prohibit discrimination on the basis of race, color, or national origin in any program or activity receiving Federal financial assistance from the Department.

As a recipient of Federal financial assistance from the Department, the District is subject to the Section 504, Title II, Title IV, and their implementing regulations.

In reaching a determination in this case, OCR reviewed documentation submitted by you and the District. We also conducted interviews with you, District staff, and District administrators. Based on our analysis, we have determined that the evidence is insufficient to support a finding of a violation by the District of the Section 504, Title II, Title VI, and their implementing regulation relative to the issue in this complaint. The basis for our determination is set forth below. Hereinafter, you will be referred to as "the Complainant."

**LEGAL STANDARDS**

Effective Communication

An individual with a disability under Section 504 is any person who has a physical or mental impairment that substantially limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment. 34 C.F.R. Section 104.3(j)(1) and (2). The Title II regulation, at 28 C.F.R. § 35.160, requires school districts to ensure that communication with applicants, participants, and members with hearing, vision, or speech disabilities is as effective as communication with others without disabilities. As noted in joint guidance issued by OCR, the Office for Special Education and Rehabilitative Services and the U.S. Department of Justice, the ADA Title II regulations specifically address the obligation of a School District or other public entity to remove communication barriers for individuals with hearing impairments.[1] Under Title II, districts must provide appropriate "auxiliary aids and services" where necessary to provide effective communication;[2] that is, schools must provide appropriate auxiliary aids and services so that individuals with disabilities have an equal opportunity to participate in, and enjoy the benefits of, the services, programs, and activities of the public school district. Title II requires covered entities, including public schools, to give "primary consideration" to the auxiliary aid or service requested by the individual with the disability when determining what is appropriate for that individual.[3] To constitute unlawful discrimination, generally there must be some element of harmful effect or unfair treatment based on a person's or group's membership in a protected class.

Retaliation

The laws enforced by OCR prohibit institutions under OCR's jurisdiction from intimidating, threatening, coercing, or retaliating against anyone who asserts a right protected by the civil rights laws that OCR enforces, or who cooperates in an investigation. See 34 C.F.R. Section

---

[1] For further explanation, please see "Frequently Asked Questions on Effective Communication for Students with Hearing, Vision, or Speech Disabilities in Public Elementary and Secondary Schools," http://www2.ed.gov/about/offices/list/ocr/docs/dcl-faqs-effective-communication-201411.pdf.

[2] 28 C.F.R. § 35.160(b)(1).

[3] 28 C.F.R. § 35.160(b)(2).

100.7(e) Title VI of the Civil Rights Act of 1964, which in incorporated by reference in the Section 504 regulation, at 34 C.F.R. Section 104.61, and 28 C.F.R. Section 35.134 of the Title II regulation.

When investigating a complaint of retaliation, OCR determines whether: (1) the complainant engaged in a protected activity; (2) the recipient had notice of the protected activity; (3) the recipient took a materially adverse action against the complainant; and (4) there was a causal connection between the protected activity and the adverse action. If one of the above elements cannot be established, then OCR finds insufficient evidence of a violation. If these four elements are present, then a prima facie case of retaliation is established, and OCR next considers whether the recipient has identified a legitimate, nondiscriminatory reason for taking the adverse action. If so, OCR then considers whether the reason asserted is a pretext for discrimination.

In order for an activity to be considered "protected," the complainant must have either opposed conduct prohibited by one of the laws that OCR enforces or participated in an investigation conducted under the laws that OCR enforces. Notice of the protected activity to the recipient, and not necessarily to the alleged individual retaliator(s), is sufficient to establish the notice requirement. In determining whether an action taken by a recipient is adverse, OCR considers whether the alleged adverse action caused lasting and tangible harm, or had a deterrent effect. Merely unpleasant or transient incidents usually are not considered adverse. OCR follows the general principle that as the time period between the protected activity and the materially adverse action increases, the likelihood that there is a causal link between these two activities decreases. Other evidence of a causal connection may include the recipient's treatment of the complainant compared to other similarly situated individuals, the recipient's deviation from established policies or practices, and changes to the treatment of the complainant after the protected activity occurred.

**FINDINGS OF FACT**

The School District's Sign Language Interpretation webpage states that it is "committed to fostering compliance with Title II of the ADA, Section 504 and all similar statutory and regulatory laws, by providing its services programs, and school-sponsored activities in a way that assures all reasonable accommodations are made to accomplish equal access through communications." On that site, the District requests that students, parents, staff, and community members who are deaf or hard-of-hearing provide their preferred method of communication when they first contact the District. In addition, the District provides Sign Language Interpreting Service for students, parents (guardians), employees and community members for such activities as report card conferences, IEP meetings, extra-curricular school functions, School Reform Commission public meetings, and the like. To make a request the individual must submit the "Request Form" available on the District's webpage at least two weeks prior to the meeting/event in order to ensure the availability of a qualified sign interpreter. Lastly, on its website the District provides information detailing how to contact an individual who is deaf or hard-of-hearing via telephone by using the services of the Pennsylvania Relay Center. Students, parents, staff, and community members usually learn about these resources through the District's homepage.

The Student enrolled the School on January 20, 2016. The Complainant, the Student's mother, has a hearing impairment. That day, the Complainant provided the School Nurse an albuterol inhaler to be used by the Student as needed. The School Nurse informed the Complainant that there was a ten-day window in which she could administer the medication without the prescription form completed by the Student's physician, parental consent, and a label with the prescription instructions. On February 3, 2016, the Complainant sent a note to the School Nurse stating that the Student no longer had an inhaler at home, so he needed to transport his inhaler to and from school each day. The School Nurse responded by providing the Student the inhaler accompanied by the prescription form for the Student's physician to complete. The Complainant did not return the form completed by the Student's physician. On February 9, 2016, the School Nurse faxed the Student's physician the form and wrote, "Help! [Doctor] We received an Albuterol Inhaler for [the Student] [xx-x-xx] but still need a completed prescription form (Med-1) [.] Mom is hearing impaired + I'm having difficulty communicating with her. Please complete the Attached Med-1 Form + return to me. I'll get Mom to sign [.]" The Physician forwarded the fax to the Complainant on February 17, 2016. On March 21, 2016, the Complainant filed a complaint with the Parent & Family Resource Center. In her letter of complaint she wrote that she was upset by the School Nurse's actions and during her last interaction with the School Nurse, they "communicated fine" and she "understood everything the [School Nurse] of the [School] stated."

On May 24, 2016, the Student was in the hallway with the Dean of Students. According to the Dean of Students, the Student started to initiate a confrontation with another Student. At that time, she escorted the Student to a nearby classroom and closed the door. The Student then repeatedly hit the Dean of Students on her back as she was radioing for assistance. When the Assistant Principal conducted an investigation, the Student told him, "A girl was poking me. I tried to go after her. [The Dean of Students] blocked me from getting to her. I punched [the Dean of Students] by accident in the back." Additionally, the Dean of Students and staff who witnessed the incident provided written statements stating that the Student hit the Dean of Students. The Assistant Principal suspended the Student for one day for "assault on school personnel," citing that the Student's behavior was a violation of the District's Code of Conduct. According to the Code of Conduct, "assault on school community members" is a violation for which a student may be suspended. On May 27, 2016, the Assistant Principal and Principal met with the Complainant regarding the Student's reinstatement.

On June 6, 2016, the School provided an interpreter for a scheduled meeting; however, the Complainant did not attend. On June 13, 2016, the School invited the parent to a meeting to be held on June 21, 2016, via text and letter, to discuss and offer supports for the Student. In the invitation, the School indicated that a sign interpreter would be available. The Complainant again did not attend.

**LEGAL ANALYSIS AND CONCLUSIONS OF LAW**

*Allegation One: Whether the District discriminated against the Complainant, when the school nurse at John H. Webster Elementary School (the School) did not effectively communicate with her due to her hearing impairment prior to contacting her son's physician on February 9, 2016.*

The day the Student enrolled at the School, the Complainant provided the School Nurse an albuterol inhaler to be used by the Student as needed. The School Nurse informed the Complainant that there was a ten-day window in which she could administer the medication without the completed prescription form from the Student's physician. That day, the School Nurse provided the required form that the Complainant needed to have completed by the Student's physician. When the Complainant did not return the form, the School Nurse provided another form. When the Complainant did not return that form the School Nurse contacted the Student's physician directly. To constitute unlawful discrimination, generally there must be some element of harmful effect or unfair treatment based on an individual's membership in a protected class. Although the School Nurse contacted the Student's physician and the Complainant was offended by the communication, the physician never responded to the School and did not provide any medical information to the School without the Complainant's consent. Thus, absent harm, there is insufficient evidence for OCR to infer that the School District engaged in unlawful discrimination by not taking appropriate steps to ensure that communications with the Complainant were effective as the School Nurse communicated with the Complainant both in person and in writing.

*Allegation Two: Whether the District failed to provide an interpreter during a meeting with the principal.*

The Complainant asserted that she always requested for every meeting to have a sign language interpreter present, but the School failed to provide one. Although the Complainant met with the School on multiple occasions during the 2015-16 school year, OCR was only able to corroborate two instances in which the Complainant requested the services of an American Sign Language interpreter in advance of a meeting with the School Principal. On June 6 and 20, 2016, the District granted the Complainant's request and arranged for an interpreter for the meetings; however, the Complainant did not attend the meetings. As the Complainant did not request additional services for most of the time the Student attended the School and the District considered and granted the Complainant's request when made, there is insufficient evidence for OCR to infer that the School District did not take appropriate steps to provide an interpreter during any meeting with the Principal.

*Allegation Three: Whether the District retaliated against the Student when it suspended the Student on May 24, 2016.*

The Complainant engaged in a protected activity on March 21, 2016, when she filed a complaint with the District's Parent & Family Resource Center about the School Nurse referencing her hearing impairment. On May 24, 2016, the Student was suspended, which is an adverse action. A causal connection could be inferred due to the close proximity in time between the March 21,

2016 complaint and the suspension of the Student on May 24, 2016. As such, there is a prima facie case of retaliation.

However, OCR finds that the District had a legitimate, non-pretextual reason for its actions. Specifically, the evidence indicates that the Student repeatedly hit the Dean of Students on her back. As a consequence, the Student was suspended for one day in accordance with the School District Code of Conduct. In reaching this determination, OCR found that the District followed its procedures in implementing the suspension. OCR found no evidence of pretext. OCR concludes there is insufficient evidence of a violation, as alleged.

The Complainant asserted that the District's actions could be discriminatory on the basis of race, color, and/or national origin; yet, she was unable to articulate why she believed the District's actions were discriminatory on any of these bases; and, OCR was unable to find any evidence of animus toward the Complainant.

This concludes OCR's investigation of the complaint and should not be interpreted to address the District's compliance with any other regulatory provision or to address any issues other than those addressed in this letter. This letter is a letter of findings issued by OCR to address an individual OCR case. Letters of findings contain fact-specific investigative findings and dispositions of individual cases. Letters of findings are not formal statements of OCR policy and they should not be relied upon, cited, or construed as such. OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public. The Complainant may file a private suit in federal court whether or not OCR finds a violation.

Please be advised that the District may not harass, coerce, intimidate, or discriminate against any individual because he or she has filed a complaint or participated in the complaint resolution process. If this happens, the Complainant may file another complaint alleging such treatment.

Under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. In the event that OCR receives such a request, we will seek to protect, to the extent provided by law, personally identifiable information, which, if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy.

If you have any questions or concerns, please contact Aysha Ames, Team Attorney at (215) 656-5792 or at aysha.ames@ed.gov.

Sincerely,

Nancy E. Potter

Nancy E. Potter
Team Leader/Supervisory Attorney